**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARSHALL DAVIS, et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 19-3871** |
| | : | |
| **SAFECO INSURANCE COMPANY** | : | |
| **OF ILLINOIS,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM

**TUCKER, J.**                                                    **August __13__, 2021**

Presently before the Court is Defendant Safeco Insurance Company's Motion for

Summary Judgment (ECF No. 14), and Plaintiffs Marshall Davis and Cara Flash Davis'

Response in Opposition (ECF No. 15). Upon careful consideration of the Parties' submissions,

and for the reasons set forth below, Defendant's Motion is granted as to Plaintiffs' bad faith

claims and denied as to Plaintiffs' statute of limitations claims.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiffs, husband and wife homeowner insurance policy-holders with Defendant Safeco

Insurance Company of Illinois, brought this breach of contract and bad faith action alleging

mishandling of a property damage claim. Plaintiffs' property located at 2336 S. Whittmore Street

---

[1] In the Factual and Procedural Background section, the Court draws primarily from the facts submitted by
Defendant in its Motion for Summary Judgment (ECF No. 14). Where discrepancies are present, the Court will cite
to Plaintiff's Response in Opposition (ECF No. 15).

in Furlong, PA 18925, sustained structural water damage as well as damage to Plaintiffs'

personal belongings on or about May 25, 2017, when a toilet malfunctioned and overflowed. In

their complaint, Plaintiffs allege Safeco failed to pay all available benefits under the policy for

their loss. Further, they claimed that through Safeco's investigation procedures and

communication practices, they engaged in conduct that induced Plaintiffs not to file suit within

the one-year time limit set forth in the policy, and that in doing so, they acted in bad faith.

Defendant counters that they paid all benefits owed under the insurance policy, and that

Plaintiffs failed to bring suit within the one-year-from-date-of-loss policy requirement. Plaintiffs

filed suit in the Philadelphia Court of Common Pleas on July 26, 2019. Safeco removed the case

to this Court on August 27, 2019.

Defendant's adjuster prepared an estimate of damages (entered on June 6, 2017 and

finalized on December 5, 2017), where the replacement cost value (RCV) for structural damage

estimate was $17,581.39 with depreciation calculated at $3,152.83 and a $1000.00 deductible.

Plaintiffs received $13,798.84 from Defendant for dwelling repairs. Def.'s Mot. for Sum. J. Exs.

E, F. Defendant made their initial payment to Plaintiffs for $13,798.84 on June 13, 2017.

Plaintiffs provided Defendant with a two-page spreadsheet showing personal property damage of

$19,239.46 (including antiques, art, sofas), and $1,106.00 for pool table removal, storage, and

reinstallation. Defendant paid Plaintiffs $2,337.33 for personal contents damage. Pl.'s Resp. in

Opp., Counterstatement of Undisputed Material Facts, Page 14.

During the next phase of their claim adjustment, from July to August of 2017, Defendant

requested receipts from Plaintiffs for work completed on the home and negotiated with Certapro

repair company about the price of painting the home. Those negotiations ultimately fell through,

and when Certapro and Safeco could not come to an agreement, Safeco refused to pay the

2

amount requested. Def.'s Mot. for Sum. J. Ex. D. In September of 2017, negotiations between Plaintiffs and Defendant for insurance funds to complete repair work deteriorated and there was no contact between the parties until November 2017. In December 2017, Defendant communicated that it was still investigating the claim under "a reservation of rights". Def.'s Mot. for Sum. J. Ex. K. After months of back and forth over claims and expenses, Defendant re-inspected Plaintiffs' property on April 6, 2018. Def.'s Mot. for Sum. J. Ex. D. Defendant's representative entered a log note that he believed all repairs had been completed except for replacement carpeting and that Safeco had paid more than what was owed so no additional payments were necessary. Plaintiffs hired a public adjuster in October 2018, and Defendant continued to "work with the public adjuster on several more occasions" (Def.'s Mot. for Sum. J.; Pl.'s Resp. in Opp., Counterstatement of Undisputed Material Facts, Page 13). After the public adjuster submitted a list of items for special consideration by Defendant on April 18, 2019, and Defendant decided that the damage claimed to heirlooms was done by Plaintiffs' hired contractors and not the water damage incident, the homeowners filed this suit.

## II.  LEGAL STANDARD

Summary judgment can only be awarded when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288, 292 (3d Cir. 2012). To defeat a motion for summary judgment, there must be a factual dispute that is both genuine and material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–49, (1986); *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008). A material fact is one that "might affect the outcome of the suit under the governing law[.]" *Anderson*, 477 U.S. at 248. A dispute over a material fact is

3

"genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Id.*

The movant bears the initial burden of demonstrating the absence of a genuine dispute of a material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016). When the movant is the defendant, she has the burden of demonstrating that the plaintiff "has failed to establish one or more essential elements of her case." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013). If the movant sustains her initial burden, "the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986)).

At the summary judgment stage, the court's role is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue of fact for trial. *See Anderson*, 477 U.S. at 249 (citations omitted); *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007). In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. *See Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*, 258 F.3d 132, 140 (3d Cir. 2001). Nonetheless, the Court must be mindful that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

Defendant seeks summary judgment on Plaintiffs' bad faith claims, arguing that they cannot establish clear and convincing evidence that Defendant adjusted their water damage claim

4

with bad faith. Safeco also argues that Plaintiffs' breach of contract claim should be dismissed

because they failed to sue within a year of the date of loss, as required by the Safeco policy. The

Court agrees that Plaintiff fails to meet the necessary burden to establish bad faith in adjustment

of their water damage claim and grants summary judgement for Count II of Plaintiffs'

Complaint. However, because there are still questions as to whether Plaintiffs exceeded the

statute of limitations, the Court will deny summary judgment as to Plaintiffs' statute of

limitations claims and Count I of the Complaint still stands.

### A. Plaintiffs' Allegations of Bad Faith Fail to Meet the "Clear and Convincing Evidence Standard

Defendant moves for summary judgment, contending that Plaintiffs' bad faith claim fails

to illustrate Defendant's unreasonableness or recklessness to the clear and convincing evidence

standard. To survive summary judgment, Plaintiffs need to illustrate that the insurer had no

reasonable basis to deny policy benefits, and that the insurer knew or recklessly disregarded the

lack of reasonable basis for denial. *See Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230,

233 (3d Cir. 1997); *O'Donnell v. Allstate Ins. Co.*, 734 A.2d 901, 906 (Pa. Super. Ct. 1999);

*Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994). When a

plaintiff cannot establish through clear and convincing evidence that the insurance company

acted with bad faith, summary judgment is granted. *Quaciari v. Allstate Ins. Co.*, 998 F. Supp.

578 (E.D. Pa. 1998).

When Plaintiffs' home was damaged by an overflowing toilet, Defendant Safeco

inspected the loss and made payments on the dwelling damage and personal items it determined

to be related to the loss. Later, when Plaintiffs submitted other estimates, Safeco reviewed those

estimates to determine if payment was warranted, and that the scope of those estimates was in

line with its own damage observations. When there were concerns on scope and pricing, Safeco asked for re-inspections and negotiated with Plaintiffs. Plaintiffs argue that the denial of payment is unreasonable because under a "replacement cost policy" like theirs, Defendant is to make payment on an actual cash value basis until the repairs are made, after which depreciation is payable to the policy holders. *Burton v. Republic Insurance Company*, 845 A.2d 889 (Pa Super 2004). But Plaintiffs fail to present sufficient evidence of unreasonableness in their claim processing. While claim negotiations were ongoing at the time suit was initiated, and reimbursement or denial of depreciation costs may have eventually taken place, the mere existence of continuing investigation and negotiation rather than an arbitrary and immediate denial implies reasonableness on the part of Defendant.

Accordingly, summary judgment is granted as to the bad faith claims.

**B. Defendant's Statute of Limitations Argument Fails Because a Reasonable Jury Could Find Safeco's Conduct During the Claim Investigation and Adjustment Led Plaintiffs to Believe the Suit Limitations Period Would Be Modified or Not Enforced**

Defendant moves for summary judgment on Plaintiffs' breach of contract claim based on the insurance policy's suit limitations period of one year after the date of loss or damage. Pennsylvania courts have consistently held that contractual one-year suit limitations in insurance policies are valid and enforceable.[2] However, these suit limitations are not enforceable when the

---

[2] *See, e.g. General State Authority v. Planet Insurance Co.*, 464 Pa. 162, 165, 346 A. 2d 265, 267 (1975) (policy provisions setting time limit on commencing suits to recover under insurance policies are valid and will be sustained); *Petraglia v. American Motorists Insurance Co.*, 424 A. 2d 1360, 1362 (Pa. Super. Ct. 1981), *aff'd* 498 Pa. 32, 444 A. 2d 653 (1982) (one-year limitation on actions arising under insurance policies is valid and enforceable); *Satchell v. Insurance Placement Facility of Pennsylvania*, 361 A.2d 375, 378 (Pa. Super. Ct. 1976) (insured not entitled to recovery where suit was brought after expiration of the limitations period).

insurer explicitly waives this defense, or their actions induce the insured to delay filing a suit.

"Waiver is the voluntary and intentional abandonment or relinquishment of a known

right." *Prime Medica Associates v. Valley Forge Ins. Co.*, 970 A.2d 1149, 1156 (Pa. Super.

2009). An insurer will be estopped from raising the suit limitation defense if there is clear and

convincing evidence that the insurer induced the insured to justifiably, and detrimentally, rely on

the insurer's words or conduct indicating a decision not to invoke the defense. *Id.* at 1157. In

*Commonwealth v. Transamerica Insurance Company*, the Pennsylvania Supreme Court held that

the time for suit provision in the contract was waived because the actions of the appellee led the

appellant to believe that the limitation period had been waived. 462 Pa. 268, 273-276, 341 A.2d

74 (1975) ("If the insurer . . . by any act throws the insured off his guard as to the necessity of

performing some duty enjoined by the policy, the insurer should not be permitted to take

advantage of the failure to act."). In *Transamerica*, the insurer did not expressly waive

enforcement of the suit limitation period clause, but in continuing their investigation beyond the

time period, reasonably conveyed to the insured that the limitation clause wouldn't be strictly

enforced. *See also General State Authority v. Planet Ins. Co.*, 464 Pa. 162, 166, 346 A.2d 265,

267 (1975) (A commencement of suit provision "may be extended or waived where the actions

of the insurer lead the insured to believe the contractual limitation period will not be enforced.").

Here, the damage occurred on May 25, 2017, and Plaintiffs did not institute suit until

nearly two years later, on May 9, 2019. Defendant's investigation of Plaintiffs' claim continued

virtually until the date the suit was instituted—continuing to negotiate the resolution of

Plaintiffs' claim through May 2019.[3] At no point did Defendant inform Plaintiffs that Defendant would cease negotiations because time had expired, or that or the window was closing on their ability to initiate suit despite the ongoing investigation (Pls. Resp. in Opp. 13; Pls. Mem. of Law in Opp. 4 (ECF No. 15-2)). Plaintiffs could not have known that suit limitations would be enforced for an investigation that itself continued a year past the suit limitation deadline, and this case is distinguished from others where parties were notified that limitations would be enforced. *Compare Long v. Farmers New Century Ins. Co.*, 267 F. Supp. 3d 530, 535 (E.D. Pa. 2017) (where Plaintiff filed insurance claim one day before the suit limitations period expired and "Farmers did nothing to cause the delay of this action. It invoked the suit limitation clause immediately upon receipt of the claim. It reiterated its reliance on the clause in its correspondence with Mr. Long."), *and Pratts v. State Farm Fire & Cas. Co.*, No. 3:16-CV-2385, 2019 WL 1952875, at *8 (M.D. Pa. May 2, 2019) (where "in a letter to Plaintiff advising her that it had been unable to complete its investigation due to her lack of cooperation, Defendant noted that the letter was 'not to be construed as a waiver of any of the conditions specified in the policy.'"). Defendant's failure to provide notice to Plaintiffs about their intent to rely on the statute of limitations insurance policy provision despite the ongoing claim investigation estops them from using the defense now.  Accordingly, summary judgment is denied as to the statute of limitations defense to Plaintiffs' breach of contract claim.

---

[3] This investigation included sending letters to Plaintiffs on September 12, 2018 and April 30, 2019, inviting them to submit additional documentation about their water damage claim significantly beyond the one-year suit limitation period.Pls. Resp. in Opp. 12-13.

**IV.  CONCLUSION**

Given that Plaintiffs have insufficient evidence of bad faith to meet the clear and convincing evidence standard, but present a genuine issue of fact as to the statute of limitations to bring a suit, Defendant's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**.

An appropriate order follows.